FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 JUN -2 PM 1: 25

U.S. DISTRICT COURT
N.D. OF ALABAMA

VERONICA DEJESUS,        )
    Plaintiff(s);        )
                            )
-vs.-        )        No. CV96-P-1306-S
                            )
TRINITY INDUSTRIES, INC.,        )
    Defendant(s).        )

ENTERED

JUN 0 3 1997

OPINION

A Motion for Summary Judgment by defendant Trinity Industries, Inc. ("Trinity") was considered at the May 9, 1997 motion docket. For the following reasons, this motion is due to be granted.

Facts[1]

The plaintiff, Veronica DeJesus, was employed by Trinity beginning March 10, 1995. She worked as a welder. At all times during her employment, DeJesus was a member of the United Steelworkers Union. DeJesus worked in an area covered by a roof that was not climate controlled. The area often reached very high temperatures. No welders work in a climate-controlled area. DeJesus became pregnant during her employment. On or about July 10, 1995, she became ill at work and was treated for dehydration. Her doctor requested that she be placed on light duty in an area away from the heat for the duration of her pregnancy.

DeJesus met with her union steward and Jeff Brown, the Human Resources Manager, and Brown told her that she could perform light duty work in the personnel office. DeJesus worked

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

in the personnel office for a few days and then was told that she could no longer work in the personnel office because it violated company policy. Trinity has a policy that provides light-duty work to temporarily disabled employees only for occupational injuries. Employees who were injured on the job were given light-duty positions. Brown told DeJesus that she could not perform light-duty work for the duration of her pregnancy and that she had to take a leave of absence. Brown told DeJesus that he did not get her pregnant, or words to that effect.

DeJesus filled out the papers to request a leave of absence. Brown told DeJesus that she would receive medical pay benefits when her time on leave reached the six-month minimum requirement. As a union member, DeJesus was subject to the collective bargaining agreement ("CBA") in force between Trinity and the United Steelworkers Union. The CBA provided that after six months of employment, employees would be covered by a company-paid non-occupational sickness and accident plan. DeJesus had been actively employed at Trinity for 133 days — from March 10, 1995 to July 20, 1995, when she took a leave of absence. Trinity did not pay DeJesus sick pay because she had not been employed for six months.

The CBA also covers the permissible duration of an employee's leave of absence from work. Seniority is lost due to absence from work for 18 months or length of service. The provision has consistently been interpreted to mean that the employee loses seniority after the lesser of 18 months or length of service. Trinity terminated DeJesus after 133 days of leave of absence, the length of her active employment, stating that she had exceeded the number of days allowable under the company absentee policy.

DeJesus filed a charge of discrimination with the EEOC on March 28, 1996 and received a right to sue letter on April 11, 1996. She filed this lawsuit on May 17, 1996, alleging disparate

impact of work rules in violation of Title VII and the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e et seq.

## Analysis

Trinity argues that DeJesus cannot make out a prima facie case of discrimination on the basis of her pregnancy because she cannot show that non-pregnant workers with non-work-related injuries were treated differently as to light-duty assignment, sick pay, or termination. DeJesus argues that the policy has a disparate impact on pregnant women and that she has introduced direct evidence of discrimination.

A plaintiff may establish a prima facie case of discrimination with direct evidence of discriminatory intent, statistical proof of a pattern of discrimination, or circumstantial evidence. *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1558 (11th Cir. 1988). DeJesus has introduced no statistical proof of a pattern of discrimination. DeJesus points to Brown's statement that he did not get her pregnant to demonstrate direct evidence of discrimination. However, when coupled with the fact that Brown initially assigned DeJesus to light-duty work and only removed her when he discovered that company policy prevented him from doing so, the isolated statement does not suffice to provide direct evidence of discrimination.

To establish a prima facie case of discrimination under Title VII and the PDA using circumstantial evidence, a plaintiff must show that she belonged to a protected class, that she was qualified to receive the benefit sought, that she was denied the benefit, and that the same benefit was available to others with similar qualifications outside the protected class. *Lang v. Star Herald*, ___ F.3d ___, 1997 WL 94019 at *2 (8th Cir. March 6, 1997); *Armstrong v. Flowers Hospital, Inc.*, 33 F.3d 1308, 1314 (11th Cir. 1994). DeJesus has not established a prima facie

3

case of discrimination because she has not demonstrated that the same benefit was available to others with similar qualifications outside the protected class. DeJesus cannot point to any other worker temporarily disabled due to a non-occupational injury that was assigned to light duty work. DeJesus cannot point to any other worker who was paid sick pay prior to being actively employed for six months. As well, DeJesus cannot point to any other worker who was retained by Trinity after taking a leave of absence from the company for a time equal to his length of service. Therefore, Trinity is due to be granted summary judgment of DeJesus' claims of discrimination.[2]

Dated: June 2, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
   Ms. Robin G. Bufford
   Mr. John W. Hargrove
   Kelly Estes

---

2. The court notes that an alternate ground for the granting of summary judgment is the fact that Trinity had articulated a legitimate, non-discriminatory reason for its action and DeJesus has not demonstrated that the stated reasons were pretextual. As well, portions of DeJesus' claims may be time-barred.